UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VALERIE ANN RICHARDSON,

Plaintiff,

v.

MICHAEL RICHARDSON, et al.,

Defendants.

CAUSE NO.: 3:18-CV-308-JD-MGG

OPINION AND ORDER

Valerie Ann Richardson, a pro se plaintiff, sought leave to proceed in this case in forma pauperis. As noted in this court's previous orders, this case arises from Valerie and Michael Richardson's recent divorce. Valerie Richardson is unhappy with the terms of the divorce decree, and has sued Michael Richardson, Lisa Traylor-Wolff (Michael Richardson's attorney), Pulaski County Superior Court Judge Crystal Kocher and her staff, the Town of Winamac, Indiana, and Liberty National Life Insurance. While Valerie Richardson qualifies financially for in forma pauperis status (ECF 3), in order to avoid dismissal for lack of subject matter jurisdiction, she must demonstrate that either diversity jurisdiction or federal question jurisdiction exists. *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013). She has been unsuccessful despite two opportunities to amend her complaint to demonstrate that this court had subject matter jurisdiction over her claims.

Valerie Richardson's amended complaint (ECF 7) does not allege a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. She has not identified any constitutional provision or federal statute as a basis for her

claims, and the facts presented do not suggest that any federal constitutional or statutory violation has occurred. Thus, federal question jurisdiction does not exist.

Additionally, the amended complaint (ECF 7) does not allege facts sufficient to support a finding that the court has diversity jurisdiction. Diversity jurisdiction exists only where the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Valerie Richardson and all defendants. *See* 28 U.S.C. § 1332. The court still has concerns about the damages Valerie Richardson is asserting. It remains unclear why her original complaint sought only $12,140.50 in damages but, after being advised that diversity jurisdiction requires an amount in controversy exceeding $75,000, she asserted damages exceeding that amount. Furthermore, her manner of calculating damages is curious. For example, she asserts that Michael Richardson failed to pay her $3,080 for painting work she completed at the home they shared while married. Based on that amount being unpaid, she claims damages of $48,048.00. (ECF 7 at 8.) This reflects the original amount due plus interest at a rate of 20% or $616.00 per month. There is no written contract for painting work between Valerie and Michael Richardson and no legal basis for calculating damages at this rate. But, even if Valerie Richardson could satisfy the amount in controversy requirement, she has not satisfied the complete diversity requirement.

At the time this lawsuit was filed, Valerie Richardson reported an address in Carmel, Indiana. (ECF 1 at 1.) She has sued two defendants who reside in Indiana, an Indiana municipality, and an Indiana judge. As noted in this court's previous order (ECF 6), to determine citizenship, this court looks at the domicile of the parties, not

residence. *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David,* 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915)). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996).

Valerie Richardson had been living out of her pickup truck for six months when she filed this lawsuit (ECF 2 at 2) on April 30, 2018. While she provided a mailing address in Carmel, Indiana, the complaint was mailed from Virginia (ECF 1-2). On May 21, 2018, Valerie Richardson reported that she was "still living out of [her] truck but have been in Greensville, Co, VA for a while now." (ECF 4 at 20.) That information did not help the court determine Valerie Richardson's citizenship or domicile, because the court must look to the state of things at the time the action was filed. *See Grupo Dataflux v. Atlas Global Group, L.P.,* 124 S. Ct. 1920, 1924 (2004).

Valerie Richardson has now indicated that she has been in Virginia a majority of time since December 2017, but she still has not indicated whether Virginia is now her domicile, much less when it became her domicile. As noted previously, she is living out of her truck and has only very loose physical ties to the State of Virginia. The burden of establishing that subject matter jurisdiction exists rests with the plaintiff. *Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1090 (7th Cir. 1999). After being granted two opportunities to amend her complaint, there are still no facts before the court suggesting that Valerie Richardson, who resided in Indiana with Michael Richardson throughout their marriage, was domiciled anywhere other than Indiana when this lawsuit was filed. Sharing citizenship with a single defendant destroys diversity

3

jurisdiction, and Valerie Richardson has not demonstrated that there was complete diversity between herself and each of the defendants at the time this action was filed.

This court previously informed Valerie Richardson that she would be granted one more opportunity to demonstrate that this court has subject matter jurisdiction over his claims. She has not done this, so her complaint will be dismissed without prejudice.

For these reasons, the court:

(1) DENIES Valerie Ann Richardson's motion to proceed in forma pauperis (ECF 2);

(2) DISMISSES the amended complaint (ECF 7) without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

(3) DIRECTS the Clerk to close this case.

SO ORDERED on June 27, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT